El Pueblo, Demandante y Apelado, *v.* Rodríguez, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla, en causa por infracción del artículo 553 del Código Penal.

No. 1101.—Resuelto en febrero 1, 1917.

Cierre de Establecimientos—Denuncia Suficiente.—Suministra información suficiente del delito de infracción al artículo 553 del Código Penal, como fué enmendado en 1914, una denuncia que imputa al acusado que maliciosa, voluntaria e ilegalmente, sabiendo que el Viernes Santo es día de fiesta legal, tenía abierto al público su establecimiento de pulpería, a las 4 de la tarde, en vez de tenerlo cerrado.

Id.—Absolución Perentoria—Nonsuit—Testigos.—El mero hecho de que el único testigo que declaró contra el acusado fué el policía que hizo la denuncia, no es bastante para que se declare con lugar una moción de absolución perentoria (*nonsuit*) pues no existe regla alguna de ley que requiera más de un testigo en casos como el presente.

Id.—Error no Perjudicial—Interpretación de Ley.—Habiendo declarado probado el juez sentenciador, dando crédito al testimonio del policía denunciante, que la tienda estaba abierta y que el acusado vendía a los que pasaban, no es perjudicial el error en que pudiera incurrir en la interpretación de las palabras "cerrados al público" contenidas en el artículo 553 citado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José D. Rodríguez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El artículo 553 del Código Penal como fué enmendado en el año 1914, en tanto es pertinente a cualquier cuestión que pueda estar envuelta en este caso prescribe lo siguiente:

Los domingos durante todo el día; los días de fiesta legales desde las 12 m.; todos los sábados desde las 10 p. m.; todos los días laborables desde las 7 p. m. y los días 24 y 31 de diciembre y 5 de enero de cada año desde las 10 p. m., permanecerán cerrados al público y una hora después de cerrados suspenderán todo trabajo para los empleados, los establecimientos comerciales e industriales   *   *   *."

El apelante fué declarado culpable por violación de este artículo a virtud de denuncia formulada por la policía, en la cual se imputan los hechos en la forma siguiente:

"Que en abril 21 de 1916, hora 4 p. m., y en el barrio La Torre de Lares, del Distrito Judicial Municipal de Lares, que forma parte del Distrito Judicial de Aguadilla, P. R., el acusado Manuel Rodríguez, maliciosa, voluntaria e ilegalmente, sabiendo que el Viernes Santo es día de fiesta legal tenía abierto al público su establecimiento pulpería a las cuatro de la tarde, en vez de estar cerrado según lo dispone la ley."

Se alega que la corte cometió error al desestimar la excepción previa presentada por el acusado fundada en que la denuncia no determina claramente que en realidad el acusado estaba vendiendo al público en la fecha alegada; pero aunque una acusación redactada por un Fiscal podría ser analizada más rigurosamente, creemos que en el presente caso los hechos alegados suministran información suficiente del delito imputado.

También se alega que la corte cometió error al declarar sin lugar la solicitud de absolución perentoria (*non suit*) hecha por el acusado, puesto que el único testigo que declaró contra el acusado fué el policía que hizo la denuncia; pero con excepción del párrafo 5 del artículo 102 de la Ley de Evidencia, el apelante no cita ninguna autoridad en apoyo de su alegación y no conocemos ninguna regla de ley que requiera más de un testigo en casos como éste.

Insiste asimismo el apelante en que la corte incurrió en error al admitir como cierta la declaración del policía ante la negativa terminante hecha por el acusado al declarar, que era el único testigo a su favor; pero no vemos que exista un error tan manifiesto en cuanto al particular que exija la revocación de la sentencia.

Puede ser que la corte técnicamente cometió error, como alega el apelante, en la interpretación que dió a las palabras "cerrados al público," pero el policía declara que la tienda estaba abierta y que el acusado vendía a los que pasaban, habiendo declarado probado expresamente el juez sentenciador que esto ocurrió así. El error, por tanto, si alguno se cometió, no era perjudicial.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.